UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DENNIS RAYBOULD and DIANE RAYBOULD, | 6:13-CV-1966-TC |
| Plaintiffs, | FINDINGS and RECOMMENDATION |
| v. | |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |

COFFIN, Magistrate Judge:

### Introduction

Pro se plaintiffs bring several claims in this action connected to their home loan. Presently before the court is defendant's (#5) to dismiss to dismiss and alternative motion to make more definite and certain.

### Factual Background

Plaintiffs Diane and Dennis Raybould originally took out a loan from Chase Bank. They together executed a Note and Deed of Trust securing the loan. The Note and Deed of Trust were

Page 1 - FINDINGS and RECOMMENDATION

thereafter assigned to defendant JPMORGAN CHASE BANK, N.A. and a successor trustee was appointed.

## Standards

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted. " Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but also requires the complaint to contain enough facts to state a claim that is plausible on its face. Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007) (concluding that prior review standard –affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief – "has earned its retirement.")

The requirements for pleading a federal claim in federal court were recently set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> As the Court held in Twombly, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. at 1949.

## Discussion

Defendant moves to dismiss plaintiff's five causes of action for failure to state a claim, and alternatively moves to make the complaint more definite and certain.

Page 2 - FINDINGS and RECOMMENDATION

Plaintiffs' claim for violation of the Fair Debt Collection Practices Act (FDCPA) should be dismissed with prejudice as plaintiffs did not address defendant's persuasive motion to dismiss on the claim and the activity of foreclosing on property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA. See, Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp.2d 1188, 1204 (D. Or. 2002).

The remainder of the complaint is difficult to follow, and, as defendant notes, the request for declaratory relief is not clear. Pro se plaintiffs have attempted to oppose the motion to dismiss, but in the alternative have requested the opportunity to amend. As such, plaintiffs should be allowed to amend their complaint one time after carefully considering defendant's motion that notes several potential deficiencies in plaintiffs' claims.

## Conclusion

Defendant's motion (#5) to dismiss and alternative motion to make more definite and certain should be allowed to the extent the FDCPA claim should be dismissed with prejudice and plaintiffs' other claims should be dismissed without prejudice to refile within 30 days as discussed above. Plaintiffs' failure to make a filing within 30 days may result in the dismissal of this action for failure to prosecute and failure to follow a court order.

DATED this 24 day of February, 2014.

_____
THOMAS M. COFFIN
United States Magistrate Judge