UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DENNIS RAYBOULD and DIANE RAYBOULD,

                      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., RCO Legal, P.C. f/k/a NORHTWEST TRUSTEE SERVICES, INC.,

                      Defendants.

6:13-CV-1966-TC

FINDINGS and RECOMMENDATION

COFFIN, Magistrate Judge:

Introduction

    Pro se plaintiffs bring several claims in this action connected to their home loan. Plaintiffs Diane and Dennis Raybould originally took out a loan from Chase Bank.[1] They together executed a Note and Deed of Trust. The Note and Deed of Trust were thereafter assigned to defendant

---

[1] Plaintiffs' allegations acknowledge their contractual obligations expressed in the mortgage and that they later applied for a loan modification. P.p. 4, 7 of First Amended Complaint (#22).

Page 1 - FINDINGS and RECOMMENDATION

JPMorgan Chase Bank, N.A. and a successor trustee was appointed.

Defendant JPMorgan previously moved to dismiss plaintiff's five causes of action for failure to state a claim, and alternatively moved to make the complaint more definite and certain. Plaintiff's claim for violation of the Fair Debt Collection Practices Act (FDCPA) was dismissed with prejudice as plaintiffs did not address the persuasive motion to dismiss that claim and the activity of foreclosing on property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA. See, Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp.2d 1188, 1204 (D. Or. 2002).

This court found that the remainder of the complaint was difficult to follow, and, as defendant noted, the request for declaratory relief was not clear. Pro se plaintiffs opposed the motion to dismiss, but in the alternative requested the opportunity to amend. Plaintiffs were allowed to amend their complaint one time but were first required to carefully consider the motion to dismiss that noted several potential deficiencies in plaintiffs' claims.

Presently before the court are defendants' motions (#24, #28) to dismiss.[2]  For the reasons discussed below, the motions to dismiss should be allowed and this action should be dismissed.

---

[2] Plaintiffs have recently filed a motion for leave to file a surreply. Such motion is denied. Contrary to plaintiffs' assertions, defendants' replies to plaintiffs' opposition to the motions to dismiss raise virtually no new issues of substance that were not raised earlier. As noted by JPMorgan, surreplies are disfavored and the party seeking to submit one has to demonstrate a compelling reason for permitting the additional filing and such requests are routinely disallowed when that burden is not met. See, e.g., Heil Co. V. Cumotto Can Co., No. 04-1590, 2004, 2004 WL 2600134 (N.D. Cal. Nov. 16 2004) (denying request to file surreply where reply memorandum merely responded to legal arguments in opposition).

Page 2 - FINDINGS and RECOMMENDATION

Standards

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted. " Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but also requires the complaint to contain enough facts to state a claim that is plausible on its face. Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007) (concluding that prior review standard –affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief – "has earned its retirement.")

The requirements for pleading a federal claim in federal court were recently set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> As the Court held in Twombly, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. at 1949.

Discussion

Plaintiffs First Amended Complaint reasserted their FDCPA claim. It should be dismissed as it was previously dismissed by the District Court and for the reasons noted above.

A careful review of the allegations of the First Amended Complaint indicates that each of

Page 3 - FINDINGS and RECOMMENDATION

plaintiffs' other claims depend on a pending foreclosure sale as a basis for the relief sought. As there is no pending foreclosure sale, the claims should be dismissed.

Plaintiffs alleges that no sale has taken place and that a sale is not currently scheduled. Paragraph 1 of First Amended Complaint.

Oregon law does not recognize a claim for relief for wrongful attempted foreclosure, and this court does not endorse the creation of a new cause of action. As District of Oregon Magistrate Judge Stewart held:

> Oregon does not recognize a claim for a wrongfully attempted foreclosure:
> 'If the foreclosure process had not been aborted prior to sale, plaintiffs could possibly pursue a claim for wrongful foreclosure under Oregon's nonjudicial foreclosure statutes based on the invalid assignment allegations. Without an actual foreclosure, however, it may be that plaintiffs have no remedy for the alleged initiation of the foreclosure process by the wrong entity.'
> Hulse v. Ocwen Fed. Bank, FSB, 195 F Supp 2d 1188, 1204 n. 5 (D. Or. 2002).
> Oregon law is in accord with 'the overwhelming majority of states' which do not recognize a claim for wrongful attempted foreclosure. Santos v. Countrywide Home Loans, 2009 WL 3756337, at *3 (E.D. Cal. Nov. 6, 2009).

Tabb v. One West Bank FSB, No. 10-CV-855-ST, 2011 WL 4448752, at *8-9 (D. Or. Aug 26, 2011). Neither the Oregon legislature nor the Oregon appellate courts have endorsed such a cause of action.

Further, all of plaintiffs' claims for relief are moot because the time for a sale under a February 23, 2012, notice of default has long since lapsed. Under Oregon law, a non-judicial foreclosure sale can be postponed "for one or more periods totaling not more than 180 days from the original sale date." ORS 86.755(2). This 180-day period ran from June 22, 2012, to approximately December 19, 2012. Therefore, under Oregon law, there is no way for Chase to conduct a non-judicial foreclosure

Page 4 - FINDINGS and RECOMMENDATION

sale on the basis of the February 23, 2012 notice of default. Neither plaintiffs nor Chase contend otherwise. In fact, the notice of sale has been rescinded. (Hamlin Decl. Exh. 6 to #7).

Plaintiffs state that the matter has "been referred to RCO for foreclosure" (First Amended Complaint ¶ 1). Even if true, that is not a circumstance that gives rise to a claim by plaintiffs. A debt collection letter to plaintiff does not amount to the initiation of a non-judicial-foreclosure sale. See ORS 86.710 et seq.

To the extent plaintiffs' claims concern alleged defects in that sale initiated by the February 23, 2012 notice, and ultimately seek to enjoin or cancel a foreclosure sale, plaintiffs' claims are entirely moot. Courts in the District of Oregon considering this issue have routinely dismissed cases or claims where there is no way for a foreclosure sale to proceed under a given notice of default because of the 180-day rule in ORS 86.755(2), or where the non-judicial foreclosure was otherwise rescinded. See, e.g., Vettrus v. Bank of Am., N.A., 2012 WL 5462914, *4 (D. Or. Nov. 6, 2012); Leaper v. Deutsche Bank Nat. Trust Co., 2012 WL 2367568 (D. Or. June 21, 2012), appeal dismissed (Jan. 29, 2013); Tabb, 2011 WL 4448752 at *9; Fisher v. Mortgage Electronic Registration Systems, Inc., Civ. No. 11-30930-CL, 2011 WL 7024965, *2 (D. Or. Oct. 26, 2011); Schmelzer v. Wells Fargo Home Mortgage, No. CV-10-1445-HZ, 2011 WL 5873058, *3 (D Or Nov. 21, 2011).

Plaintiffs are trying to litigate an unscheduled foreclosure sale. Plaintiffs' claims are moot and this court will not render an advisory opinion concerning what defendants might do or not do in the future.[3]

---

[3] The fact that Plaintiff has styled one of her claims as one for declaratory relief does not change this. Under Oregon law, a "justiciable controversy" must exist for a court to issue a declaratory judgment. State Farm Fire and Cas. Co. v. Reuter, 294 Or. 446, 449, 657 P.2d 1231 (1983) (citing Oregon Medical Assn. v. Rawls, 276 Or 1101, 1107, 557 P.2d 664 (1976)). Since there is no foreclosure sale pending, nor is there an active notice of default, there is no justiciable

Page 5 - FINDINGS and RECOMMENDATION

Moreover, even if any of the claims were not moot, defendant JPMorgan has demonstrated several reasons why plaintiffs' claims are not viable as there is a lack of standing and lack of legal support for the claims. See p.p. 4-5, 7-8, and 11 of Reply (#25); p.p. 11-12 of Memo (#25).

## Conclusion

Plaintiffs' motion (#37) for leave to file surreply is denied. Defendants' motions (#24, #28) to dismiss should be allowed and this action should be dismissed.

DATED this 12 day of November, 2014.

_____
THOMAS M. COFFIN
United States Magistrate Judge

---

controversy concerning the non-existent pending foreclosure sale.